IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| IN RE IRA LEVY        ) | |
| ) | Misc. No. 08-173 (RJL) |
| v.                    ) | |
| ) | |
| UNITED STATES         ) | |
| ) | |

### UNITED STATES'S OPPOSITION TO IRA LEVY'S MOTION TO QUASH OR, IN THE ALTERNATIVE, MOTION FOR PERMISSION TO TAKE MR. LEVY'S TESTIMONY VIA VIDEO DEPOSITION

Ira Levy, a witness validly served with a trial subpoena by the United States for testimony highly material to the charge pending against defendant Kenneth Keitt ("defendant") in *United States v. Keitt*, Crim. No. 07-041(RJL) ("the Keitt case"), has moved to quash his subpoena. *See* Third Party Ira Levy's Motion to Quash or Modify Trial Subpoena, Misc. No. 08-173 (dated March 27, 2008) ("Motion to Quash"). Mr. Levy argues that although he can appear to testify as scheduled, he would rather not because doing so would interrupt a planned family vacation. *Id.* at 3. Whatever inconvenience complying with his trial subpoena may cause Mr. Levy is grossly outweighed, however, by the entitlement of the parties to the efficient resolution of the charge pending in the Keitt case – a criminal charge which began with the return of an indictment nearly one and a half years ago. Accordingly, the Court should deny Mr. Levy's Motion to Quash. Alternatively, if it entertains accommodating Mr. Levy's vacation, the Court should not prejudice the United States by further delaying the trial of

the Keitt case and, instead, permit the United States to take the testimony of Mr. Levy by video deposition pursuant to Federal Rule of Criminal Procedure 15(a)(1).

## I. INCONVENIENCE IS NOT SUFFICIENT GROUNDS TO JUSTIFY QUASHING IRA LEVY'S SUBPOENA

Any inconvenience to Mr. Levy, although regrettable, does not justify releasing him from his obligation to appear and give testimony as summoned. As best stated by the Supreme Court in *Blackmer v. United States*: "It is … beyond controversy that one of the duties which the citizen owns to his government is to support the administration of justice by attending its courts and giving his testimony whenever he is properly summoned." 284 U.S. 421, 438 (1932) (citing *Blair v. United States*, 250 U.S. 273, 281 (1919)).

A citizen's compliance with his obligation to testify when summoned is so critical to the proper and efficient functioning of the United States justice system that the burden on a party moving to quash a validly served subpoena is a heavy one. *Irons v. Karceski*, 74 F.3d 1262, 1264 (D.C. Cir. 1995) ("[T]he party seeking to quash a subpoena bears a heavy burden of proof."); *Northrop Corp. v. McDonnell Douglas Corp.*, 751 F.2d 395, 403 (D.C. Cir. 1984); *Flanagan v. Wyndham Int'l, Inc.*, 231 F.R.D. 98, 102 (D.D.C. 2005). The party moving to quash a subpoena bears the burden of demonstrating that complying with a subpoena would be "unreasonable or oppressive." Fed.R.Crim.P. 17(c)(2); *United States v. R. Enterprises, Inc.*, 498 U.S.

292, 303 (1991). Where the information sought is relevant to the pending case, inconvenience alone does not justify an order to quash a subpoena. *See Northrop Corp.*, 751 F.2d at 403 (holding that "[i]nconvenience alone will not justify an order quashing the subpoenas"); *accord Croom v. Western Conn. State Univ.*, 218 F.R.D. 15, 17 (D. Conn. 2002); *see, e.g, In the Matter of a Grand Jury Subpoena Served Upon Arthur Kinoy*, 326 F. Supp. 400, 406-07 (S.D.N.Y. 1970) (denying motion to quash grand jury subpoena where witness claimed he would be inconvenienced by his appearance because of his obligations as primary counsel on pending litigation).[1] Mr. Levy has not met this heavy burden.

    Mr. Levy's testimony is highly material to the United States's prosecution of the Keitt case. At the time of the illegal gratuity charged in the Keitt case, Mr. Levy was a Vice President of DMJM + Harris, Inc., and was a boss to defendant. He will testify that during the relevant period, he had a conversation with defendant where defendant asked whether he (defendant) could personally loan cash to a public official. Mr. Levy will also testify about his involvement in, and related communications about, negotiations between defendant and Wilhelm DerMinassian, the then Associate Director

---

[1] A majority of the reported cases examining the burden on a movant seeking to quash a subpoena on grounds of inconvenience and personal expense involve subpoenas served in civil matters. Although this case involves criminal process, the cited civil cases are instructive. Indeed, the advisory committee notes to Federal Rule of Criminal Procedure 17(c) specifically direct readers to the requirements of Federal Rule of Civil Procedure 45. Advisory Committee Notes, Fed.R.Crim.P. 17 ("[Subparagraph (c)] is substantially the same as rule 45 of the Federal Rules of Civil Procedure).

of the Traffic Service Administration for the D.C. Department of Transportation ("DCDOT"), about awarding DMJM post-September 11 emergency support services work under DMJM's existing contract with the DCDOT. These facts are critical to demonstrating defendant's motive and intent to give DerMinassian the illegal gratuity charged in the Keitt case. Mr. Levy is the only witness who can testify to these specific facts.[2]

While Mr. Levy's testimony is highly material to the prosecution of the Keitt case, his stated burden – interruption of a family vacation – amounts to nothing more than an inconvenience. This conclusion is borne out by the fact that Mr. Levy has made no effort to reschedule or alter his plans to accommodate his required appearance. Mr. Levy has been under subpoena for trial of the Keitt case for nearly six months, including the nearly four months where he had specific notice that he was required to appear for trial beginning May 15. While the United States discussed with counsel for Mr. Levy during this period our hope that a change in circumstances might avoid Mr. Levy's conflict, counsel was also told that, if circumstances did not change, Mr. Levy would be required to appear. Notwithstanding knowing for nearly four months of the distinct possibility that the present trial date would hold, Mr. Levy did nothing to avoid the conflict he now relies on in his Motion to Quash. If the circumstances were not

---

[2] Mr. Levy was granted formal immunity for his testimony before the Grand Jury. Mr. Levy is similarly requiring formal immunity for his trial testimony. These facts further demonstrate the materiality of Mr. Levy's testimony to the present proceedings.

extraordinary enough for Mr. Levy to take any steps of his own to avoid the potential conflict, those circumstances certainly do not warrant the Court taking the extraordinary measure of disrupting the efficient resolution of this criminal case by quashing Mr. Levy's subpoena.  *See Flanagan*, 231 F.R.D. at 102 ("The quashing of a subpoena is an extraordinary measure, and is … inappropriate absent extraordinary circumstances.").

Because the inconvenience of having his family vacation interrupted is greatly outweighed by the parties' entitlement to the efficient resolution of the Keitt case, Mr. Levy cannot bear his heavy burden to quash his subpoena.  Accordingly, Mr. Levy's Motion to Quash should be denied.

## II.   ALTERNATIVELY, THE UNITED STATES SHOULD BE PERMITTED TO TAKE MR. LEVY'S TESTIMONY BY VIDEO DEPOSITION

If it entertains accommodating Mr. Levy's vacation, the Court should permit the United States to take the testimony of Mr. Levy by video deposition prior to his planned vacation on May 8 pursuant to Federal Rule of Criminal Procedure 15(a)(1).

Rule 15(a)(1) of the Federal Rules of Criminal Procedure provides in pertinent part that: "A party may move that a prospective witness be deposed in order to preserve testimony for trial.  The court may grant the motion because of exceptional circumstances and in the interest of justice."  The deposition may be used at trial if the court determines that the witness is unavailable to testify.  *See United States v. Drogoul*, 1 F.3d 1546, 1557 (11th Cir. 1993) ("[I]t is well established that when a witness is unavailable to testify at trial, former testimony given by that witness may be

introduced consistent with the defendant's constitutional rights"); *United States v. Donaldson*, 978 F.2d 381, 393 (7th Cir. 1992). Thus, in deciding whether to permit a deposition under Rule 15, courts have focused primarily on: (1) the materiality of the witness; and (2) his potential unavailability. *United States v. Kelly*, 36 F.3d 1118, 1125 (D.C. Cir. 1994); *see United States v. Drogoul*, 1 F.3d 1546, 1557 (11th Cir. 1993); *United States v. Ismaili*, 828 F.2d 153, 159 (3d Cir. 1987).

Here, both factors weigh in favor of granting the United States's request for a Rule 15 deposition of Mr. Levy. First, Mr. Levy is a critical witness for the United States as he will provide essential testimony material to trial. An essential witness is one that is "extremely important to the proceedings, perhaps providing proof that was not otherwise attainable." *United States v. Marrero*, 705 F.2d 652, 656 (2d Cir. 1983); *see Kelly*, 36 F.3d at 1125 (requiring showing greater than basic materiality). As explained above, Mr. Levy's testimony is essential to demonstrating defendant's motive and intent for giving DerMinassian the illegal gratuity charged in the Keitt case. Equally important, Mr. Levy is the only witness who can testify to these specific facts. Without Mr. Levy's testimony, the prosecution would be substantially impeded because highly probative evidence, available only through this witness, would not be presented to the jury.

If the Court quashes his subpoena, Mr. Levy will also be unavailable to the United States for trial. Although granting permission to take a Rule 15 deposition does not necessarily depend on the witness's availability at trial, the admission of the

deposition as evidence does turn on witness availability. *United States v. Njock Eyong*, 2007 WL 1576309, at *1 (D.D.C. May 30, 2007); *see United States v. Sines*, 761 F.2d 1434, 1439 (9th Cir. 1985); Fed. R. Crim. P. 15(f). Rule 804(a)(5) of the Federal Rules of Evidence provides that a witness is unavailable when the witness "is absent from the hearing and the proponent of a statement has been unable to procure the declarant's attendance … by process of other reasonable means." *See United States v. Olafson*, 213 F.3d 435, 442 (9th Cir. 2000) (applying FRE 804(a)(5) definition of witness unavailability in the Rule 15 deposition context); *Sines*, 761 F.2d at 1438-39 (same). In the present case, if the Court released Mr. Levy from his subpoena obligation, he would be unavailable for trial and his deposition testimony would be admissible.

Thus, if the Court were to consider accommodating Mr. Levy's vacation, the Court should permit the United States to take Mr. Levy's testimony by video deposition. Mr. Levy is able and willing to testify by deposition any time before May 8, 2008. Motion to Quash at 3. The deposition could take place at a conference room in the Department of Justice or at any other location the Court deems appropriate. The deposition would be recorded by both a court reporter and a videographer. The witness would be sworn prior to testifying. To preserve the defendant's rights to confrontation, defendant would participate in the deposition in person and counsel for defendant would make objections and cross-examine the witness as he would do at trial. Objections would be made on the record and the questioning and answering would continue. The

Court would review the completed transcript and video and rule on the objections. The United States would edit the video to reflect the Court's rulings. The video would then be played for the jury during the government's case-in-chief. *See, e.g., United States v. Nippon Paper Indus.*, 17 F. Supp. 2d 38, 43 (D. Mass. 1998); *see also, e.g., United States v. Gigante*, 971 F. Supp. 755, 756-57 (E.D.N.Y. 1997) (permitting government witness to testify by closed-circuit television).

Moreover, because of the critical importance of his testimony, permitting the United States to take Mr. Levy's testimony by Rule 15 deposition is the only alternative available to the Court short of delaying the entirety of the Keitt case, a result which would be untenable. Delaying the Keitt case – a case which will have been pending for nearly one and a half years by the scheduled trial date and which involves events occurring back in 2001 – will prejudice the government's prosecution of the case, as well as the government's interest in the efficient resolution of the matter. Further, in a case such as this, where Mr. Levy is one of the many witnesses subpoenaed in the case who have complicated family and professional schedules and who have already put their lives on hold to appear during the scheduled trial, delaying the trial will only likely result in inconveniencing another material witness and thereby risk further unnecessary delay.

## **CONCLUSION**

For the foregoing reasons, the United States respectfully asks the Court to deny Ira Levy's Motion to Quash. Alternatively, the United States asks that the Court grant its motion to take Mr. Levy's testimony by video deposition pursuant to Rule 15.

DATED this 7th day of April, 2008.

                                    Respectfully submitted,

                                    /s/
                              JOHN F. TERZAKEN III (D.C. Bar # 474015)
                              MARK W. PLETCHER
                              EMILY W. ALLEN
                              Trial Attorneys, Antitrust Division
                              U.S. Department of Justice
                              450 5th Street, N.W., 11th Floor
                              Washington, D.C.  20530
                              Telephone: (202) 307-0719
                              Facsimile:   (202) 514-6525
                              E-mail:  john.terzaken@usdoj.gov /
                                        mark.pletcher@usdoj.gov /
                                        emily.allen@usdoj.gov

CERTIFICATE OF SERVICE

I hereby certify that on this 7th day of April 2008, the foregoing UNITED STATES'S OPPOSITION TO IRA LEVY'S MOTION TO QUASH OR, IN THE ALTERNATIVE, MOTION FOR PERMISSION TO TAKE MR. LEVY'S TESTIMONY VIA VIDEO DEPOSITION, was filed electronically and to the best of my knowledge, information and belief, counsel for Ira Levy will be notified through the Electronic Case Filing System.  A hard copy of this pleading was also served by overnight courier on:

    Sarah Kleven, Esq.
    Sutherland, Asbill & Brennan LLP
    1275 Pennsylvania Avenue, N.W.
    Washington, D.C.  20004-2415
    *Counsel for Ira Levy*

    Steven J. McCool, Esq.
    Mallon & McCool, LLC
    1776 K Street, N.W., Suite 200
    Washington, D.C.  20006
    *Counsel for Kenneth Keitt*

                                       /s/
                                 JOHN F. TERZAKEN III
                                 D.C. Bar # 474015
                                 Trial Attorney, Antitrust Division
                                 U.S. Department of Justice
                                 450 5th Street, N.W., 11th Floor
                                 Washington, D.C.  20530
                                 Telephone:  (202) 307-0719
                                 Facsimile:  (202) 514-6525
                                 E-mail: john.terzaken@usdoj.gov