IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| IN RE IRA LEVY ) | |
| ) | |
| ) | |
| ) | |
| v. ) | Misc. No. 08-173 (RJL) |
| ) | |
| UNITED STATES ) | |
| ) | |

**KENNETH KEITT'S OPPOSITION TO THE UNITED STATES' MOTION FOR PERMISSION TO TAKE IRA LEVY'S TESTIMONY VIA VIDEO DEPOSITION WITH INCORPORATED MEMORANDUM OF POINTS AND AUTHORITIES**

Kenneth Keitt, by and through undersigned counsel, respectfully opposes the United States' Motion for Permission to take Ira Levy's Testimony via Video Deposition. In support of this opposition, undersigned counsel submits the following.

The arguments set forth in Mr. Levy's Motion to Quash are equally persuasive in support of denying the Government's Motion for Permission to Take Ira Levy's Testimony via Video Deposition. On January 10, 2008 this Court set a trial date in *United States v. Keitt*, 07-041 (RJL). *See* Minute Entry (Leon, J. 1/10/08). The very next day, Sarah Kleven, Esq., counsel for Mr. Levy, informed the Government that Mr. Levy would be out of the country on a family trip that had been planned for months and was intended as his daughter's wedding gift. *See* Levy's Motion to Quash at 2. The Government made no attempt to accommodate Mr. Levy and made no attempt to consult with the Court or Mr. Keitt's counsel regarding the feasibility of moving the trial date, which had been set only the day before. Instead, the Government elected not only to ignore the situation, but also informed Mr. Levy's counsel that it was unclear if he would even be called as a witness at trial. *Id.*

1

Despite its own inaction, the Government faults Mr. Levy, who immediately made his plans known, for "doing nothing to avoid the conflict he now relies on in his Motion to Quash." *See* Government's Opposition to Levy's Motion to Quash at 4. The Government also now seeks to prejudice Mr. Keitt's rights in an effort to compensate for its own willful neglect.

Attendance of witnesses at trial is the favored method of presenting testimony; depositions are not favored in criminal cases. *United States v. Wilson*, 601 F.2d 95, 97 (3rd Cir. 1979). The Confrontation Clause "envisions a personal examination and cross examination of the witness, in which the accused has an opportunity, not only of testing the recollection and sifting the conscience of the witness, but of compelling him to stand face to face with the jury in order that they may look at him, and judge by his demeanor upon the stand and the manner in which he give his testimony, whether he is worthy of belief." *United States v. Allie*, 978 F.2d 1401, 1406 (5th Cir. 1992)(quoting *Ohio v. Roberts*, 448 U.S. 56 (1980)).

The party seeking a deposition bears the burden of demonstrating that "exceptional circumstances" necessitate the preservation of testimony through a deposition. *United States v. Kelley*, 36 F.3d 1118, 1125 (D.C. Cir. 1994). The materiality of the testimony and the witness's availability to testify are critical factors in determining whether exceptional circumstances exist. *Id.* The Government cannot show "exceptional circumstances" because it cannot show it has satisfied either of these factors.

First and foremost, Ira Levy's testimony is immaterial. Mr. Levy was Kenneth Keitt's second-line supervisor at DMJM. Based on discovery provided by the Government, Mr. Levy, if permitted, may testify as follows. Mr. Levy never spoke with

Mr. Keitt about the importance of the operational support contract to DMJM's Fairfax, Virginia office. Mr. Keitt's bonus was not linked to the amount of money DMJM earned under the operational support contract.

Mr. Levy offered his assistance in developing evacuation plans to the District of Columbia after the terrorist attacks of September 11, 2001. Mr. Levy attended meetings in the District of Columbia in September 2001 through February 2002. He met with Wilhelm Derminassian on September 26, 2001. After this meeting, Mr. Derminassian had very little involvement in subsequent meetings on District's evacuation plans. Mr. Levy offered his services *pro bono.* After the anthrax incidents of 2001, the District of Columbia's focus moved from evacuation to health concerns. The evacuation initiative was no longer a priority. Mr. Levy and DMJM did not pursue the evacuation issue further.

Mr. Levy may also be asked to testify about an alleged telephone call he had with Mr. Keitt. He cannot remember the date of the telephone call, but he believes in took place in late spring of 2002. He took no notes of this telephone call. Mr. Keitt allegedly asked if it was appropriate to give a loan to a Government employee in connection with a trip. Mr. Keitt did not identify any specific employee. Mr. Keitt did not say that this related to the operational support contract. Mr. Levy apparently said that hotel and meal costs could be paid by credit card if it would be allowed as a direct expense under a contract. Mr. Levy has no personal knowledge that Mr. Keitt, directly or indirectly, gave anything of value to Mr. Derminassian.

The Government has admitted in its pleadings and in open court that any monies given to Mr. Derminassian on October 2 and 26, 2001 do not amount to an illegal

3

gratuity.  The Government maintains, but the indictment does not charge, that Mr. Keitt's forgiveness of alleged loans was an illegal gratuity, and this so-called "loan forgiveness" occurred no later that sometime in December 2001.  The discovery provided by the Government shows that Mr. Levy has not previously said that he spoke with Mr. Keitt about "loan forgiveness."  Moreover, any telephone conversation that Mr. Levy may have had with Mr. Keitt in late spring of 2002 is far outside the time period alleged in the indictment.  Therefore, Mr. Levy's testimony has no relevance to this case, and it would not be admissible at trial.

Second, the Government can make no showing that Mr. Levy is "unavailable."  For Confrontation Clause purposes, a witness is unavailable if "prosecutorial authorities have made a good faith effort to obtain his presence at trial." *Allie*, 978 F.2d at 1406.  "The length to which a prosecution must go to produce a witness is a question of reasonableness."  *Id.*  Deposition testimony is admissible only if the prosecution has exhausted reasonable efforts to assure a witness' attendance at trial.  *Aguilar-Ayala v. Ruiz*, 973 F.2d 411, 418 (5th Cir. 1992).

The Government has not made reasonable efforts to assure Mr. Levy's attendance at trial.  The Government was aware of Mr. Levy's conflict *one day* after the trial date was set.  It made no attempt to determine if the trial date could be reset to accommodate Mr. Levy.  It also led Mr. Levy to believe that his testimony would likely not be needed, preventing Mr. Levy from exploring alternative arrangements.  Instead, it simply waited for two months and chose to rely upon a subpoena which Mr. Levy had promptly informed the Government he would be unable to comply with.  These are not reasonable efforts.

4

For the reasons given in this opposition, those given in Ira Levy's Motion to Quash or Modify Trial Subpoena, and any other reasons that may appear to the Court, Mr. Keitt respectfully requests that the Court deny the Government's Motion for Permission to take Ira Levy's Testimony via Video Deposition.

                                                           Respectfully submitted,

                                         _____/s/_____
                                         DANIEL T. McNAMARA
                                         D.C. Bar No. 494834
                                         MALLON & McCOOL, LLC
                                         1776 K Street, N.W., Suite 200
                                         Washington, D.C. 20006
                                         (202) 393-7088

                                         Counsel for Kenneth Keitt

## **CERTIFICATE OF SERVICE**

I hereby certify that on the 9th day of April 2008 Kenneth Keitt's Opposition to the United States' Motion for Permission to take Ira Levy's Testimony via Video Deposition with Incorporated Memorandum of Points and Authorities was served by electronic filing upon:

John Terzaken
Mark Pletcher
U.S. Department of Justice
Antitrust Division
1401 H Street, N.W., Suite 3700
Washington, D.C.  20530

Sarah E. Kleven
Sutherland, Asbill & Brennan, LLP
1275 Pennsylvania Avenue, NW
Washington, DC 2004

_____/s/_____
Daniel T. McNamara