## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **IN RE IRA LEVY** | ) | |
| | ) | **Misc. No. 08-173 (RJL)** |
| **v.** | ) | |
| | ) | |
| **UNITED STATES** | ) | |
| | ) | |

### REPLY TO DEFENDANT KENNETH KEITT'S OPPOSITION
### TO UNITED STATES'S MOTION FOR PERMISSION
### TO TAKE IRA LEVY'S TESTIMONY VIA VIDEO DEPOSITION

The United States opposes Ira Levy's Motion to Quash (Document No. 1) (dated March 27, 2008) ("Motion to Quash"), and believes that it is in the interests of the parties and the many other subpoenaed witnesses scheduled to testify that the trial of *United States v. Keitt*, Criminal No. 07-041 (RJL), proceed as scheduled. Mr. Levy is a material witness and he was properly and timely served with a valid subpoena to appear at trial. While the United States recognizes the regrettable inconvenience to Mr. Levy's family vacation, the interest of the public in the efficient and timely resolution of this case outweighs this personal inconvenience.

In the event, however, that the Court wishes to accommodate Mr. Levy's personal conflict, the United States has proposed a reasonable alternative to permit it to secure Mr. Levy's critical testimony while avoiding any inconvenience to Mr. Levy—namely, that the Court permit the United States to take Mr. Levy's testimony by video deposition pursuant to Federal Rule of Criminal Procedure 15(a)(1). *See* Opposition to Ira Levy's Motion to Quash or Motion for Permission to Take Testimony Via Video Deposition at 5

(Document No. 3) (dated April 7, 2008) ("Motion for Video Deposition").  Predictably,

defendant Kenneth Keitt now opposes a Rule 15 deposition of Mr. Levy in the hopes of

achieving a result which will prejudice the United States's ability to meet its burden in

this criminal case.  *See* Opposition to the United States's Motion for Permission to Take

Ira Levy's Testimony Via Video Deposition (Document No. 5) (dated April 9, 2008)

("Opposition to Video Deposition").

Notwithstanding defendant's protestations, depositions are an acceptable

alternative method of introducing evidence at trial in appropriate situations.  "[T]he

Federal Rules of Criminal Procedure expressly authorize parties to take depositions and

use them at trial, when doing so is necessary to achieve justice and may be done

consistent with the defendant's constitutional rights."  *United States v. Drogoul*, 1 F.3d

1546, 1551 (11th Cir. 1993); *United States v. Kelley*, 36 F.3d 1118, 1125 (D.C. Cir. 1994)

(finding that a deposition is "necessary to achieve justice" in a criminal case where (1) the

witness's testimony is material and (2) the witness is unavailable to testify at trial).  Here,

the United States has demonstrated that if Mr. Levy's subpoena is quashed, a video

deposition is necessary to achieve justice because he is an essential witness and would be

unavailable for trial.[1]  Motion for Video Deposition at 6-8.

---

[1] Mr. Levy has noted that he has no objection to the United States's request to take his testimony by video deposition.  *See* Ira Levy's Reply in Support of Motion to Quash (Document No. 7) (filed April 14, 2008).

Defendant's attempts to undercut the solid basis for the United States's Rule 15 request are unavailing. First, no matter how he tries to massage the facts, defendant cannot escape that Mr. Levy is an essential witness in this case. As defendant acknowledges, Mr. Levy was present at meetings between defendant and Wilhelm DerMinassian, the public official who received the illegal gratuity, where defendant solicited DerMinassian for new emergency support services work in the wake of September 11. More importantly, and what defendant leaves out of his recitation of the facts, is that these meetings took place during the exact same period that defendant forgave the $6900 debt owed by DerMinassian—the illegal gratuity charged in this case. Defendant also fails to mention that these meetings took place immediately after what the evidence will prove were email communications from defendant to Mr. Levy explaining how defendant hoped to persuade DerMinassian to give him the new emergency support services work as an add-on to an existing Operational Support Contract rather than releasing the work for competitive bid.

In addition to his firsthand knowledge of defendant's solicitations of work from DerMinassian during the relevant period, Mr. Levy will also testify about a critical conversation he had with defendant, at a time Mr. Levy believes could have been Spring 2002 or sometime the prior year, in 2001 (another fact omitted from defendant's rendition of the evidence). During this conversation, defendant asked Mr. Levy whether he (defendant) could give cash to a public official. Contrary to any suggestion by defendant,

the distinction between a cash loan or subsequent loan forgiveness does not alter the relevance, admissibility or significance of this conversation to the United States's case: That conversation is critical evidence because defendant indicated to Mr. Levy that he was considering giving a public official money at all.  On these facts alone, it is incontrovertible that Mr. Levy is an essential witness in this case.

Nor can defendant overcome the fact that, if the Court chooses to accommodate Mr. Levy's vacation and quashes his subpoena, Mr. Levy will be unavailable for trial. Rather than challenge the alternative means available to the United States to secure Mr. Levy's testimony for trial, defendant's argument is focused on painting the United States as the villain for not responding earlier to Mr. Levy's conflict.  As an initial matter, defendant was not privy to discussions between the United States and counsel for Mr. Levy and, thus, cannot accurately present those facts.  Moreover, defendant's suggestion that, if the Court quashed his subpoena, Mr. Levy would not be "unavailable" for trial because the United States took insufficient steps to secure his presence at trial is, on its face, preposterous.  *See* Opposition to Video Deposition at 4.  The United States is not aware of, and defendant fails to cite to, a single case that supports his idea that validly serving a subpoena on a United States citizen to appear at trial does not constitute a good faith, reasonable effort to secure a witness's appearance at trial.  The entire justice system is based on the ability of parties and the courts to mandate the appearance of witnesses at trial through validly served subpoenas.

Finally, nowhere in defendant's opposition motion does he contest that the procedures proposed by the United States for taking the Rule 15 deposition adequately protect his rights under the Confrontation Clause.  Indeed, courts have in past cases employed these same procedures, finding them the to be the best way to secure critical testimony and protect a defendant's rights.  *See United States v. Nippon Paper Indus.*, 17 F. Supp. 2d 38, 43 (D. Mass. 1998) (outlining procedures used in videotaped testimony and noting that Rule 15 allows the right of confrontation to be exercised in such a manner in specific circumstances).

## CONCLUSION

For the foregoing reasons, the United States respectfully asks the Court to deny Ira

Levy's Motion to Quash.  Alternatively, the United States asks that the Court grant its

motion to take Mr. Levy's testimony by video deposition pursuant to Rule 15.

DATED this 15th day of April, 2008.

Respectfully submitted,


        /s/
JOHN F. TERZAKEN III (D.C. Bar # 474015)
MARK W. PLETCHER
EMILY W. ALLEN
Trial Attorneys, Antitrust Division
U.S. Department of Justice
450 5th Street, N.W., 11th Floor
Washington, D.C.  20530
Telephone: (202) 307-0719
Facsimile:  (202) 514-6525
E-mail:  john.terzaken@usdoj.gov
         mark.pletcher@usdoj.gov
         emily.allen@usdoj.gov

CERTIFICATE OF SERVICE

I hereby certify that on this 15th day of April 2008, the foregoing REPLY TO

DEFENDANT KENNETH KEITT'S OPPOSITION TO UNITED STATES'S MOTION

FOR PERMISSION TO TAKE IRA LEVY'S TESTIMONY VIA VIDEO DEPOSITION

was filed electronically and to the best of my knowledge, information and belief, counsel

for Ira Levy will be notified through the Electronic Case Filing System.  A hard copy of

this pleading was also served by overnight courier on:

Sarah Kleven, Esq.
Sutherland, Asbill & Brennan LLP
1275 Pennsylvania Avenue, N.W.
Washington, D.C.  20004-2415
*Counsel for Ira Levy*

Steven J. McCool, Esq.
Mallon & McCool, LLC
1776 K Street, N.W., Suite 200
Washington, D.C.  20006
*Counsel for Kenneth Keitt*

_____/s/_____

EMILY W. ALLEN
Trial Attorney, Antitrust Division
U.S. Department of Justice
450 5th Street, N.W., 11th Floor
Washington, D.C.  20530
Telephone:  (202) 307-0946
Facsimile:   (202) 514-6525
E-mail: emily.allen@usdoj.gov